UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MALIK MUHAMMAD ALI                     CIVIL ACTION NO. 08-cv-0192

VERSUS                                 JUDGE STAGG

STEVE PRATOR, ET AL                    MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Malik Muhammad Ali ("Plaintiff") filed this pro se civil rights action against officials at the Caddo Correctional Center. He alleges that he received inadequate medical treatment for a broken pinky finger. Before the court is a Motion for Summary Judgment (Doc. 26) filed by Sheriff Steve Prator and Nurse Kathy Bobbitt. It is recommended, for the reasons that follow, that the motion be granted.

Plaintiff alleges that he was housed in a three-man cell, where he slept on a "boat bed" on the floor. Plaintiff alleges in his complaint, and testified in his deposition, that on a Saturday around noon he was rising from the bed when he fell backward. Plaintiff says that his hand hit on the floor and the boat, injuring his finger. Plaintiff alleged in his complaint that he showed his hand to two deputies in the housing area. The deputies allegedly called the nurses' station but got no answer. Plaintiff does not assert any claims against either of the housing unit deputies mentioned in the complaint.

Plaintiff does assert a claim against Nurse Bobbitt, who saw Plaintiff on Sunday morning when she was making pill call, delivering medications to prisoners. Plaintiff

testifies that he showed his hand to Nurse Bobbitt, said he thought it was broken, and asked if he could get a finger splint. Plaintiff testifies that Bobbitt told him he did not need a splint because the hand was not broken. Plaintiff concedes that Nurse Bobbitt did give him two Band-Aids for bleeding on his finger. Plaintiff denies that Nurse Bobbitt offered to have his finger X-rayed.

Plaintiff alleges in his complaint that he showed his finger to Nurse Angela (Davis) during Monday morning pill call. Davis arranged for Plaintiff to be examined, and Plaintiff was then transported to a local hospital. Plaintiff alleges that his finger was found to be broken, and a physician put two pins in his finger.

The facts recited above come from both Plaintiff's complaint, supplemented (where noted) with Plaintiff's testimony from the portions of his deposition that are attached to the defense motion. Defendants offer affidavit testimony from Nurse Bobbitt, as well as certified copies of medical records from the jail. Defendants are entitled to summary judgment only if there is no genuine issue of material fact. To the extent that there are conflicts in the competent summary judgment evidence, such as the affidavits, Plaintiff's version of the events must control. However, if there are conflicts between the mere allegations in the complaint and competent summary judgment evidence, the evidence controls. See e.g. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986); Solo Serv Corp. v. Westowne Associates, 929 F.2d 160, 164 (5th Cir. 1991).

Nurse Bobbitt agrees with Plaintiff that she saw him on Sunday morning when she was passing out medicines. Nurse Bobbitt explains that this process occurs early in the morning around 4:00 a.m., and the nurse with that duty goes to all of the pods and areas of the jail (which houses about 1,000 inmates). Inmates are informed, and the procedure is set forth in the inmate handbook, that it is not appropriate to seek non-emergency medical treatment from the nurse who is dispensing medication. An inmate is to make a request for non-emergency medical treatment by written "kite" or by contacting a deputy. An inmate can also declare an emergency condition in accordance with the procedures. Nurse Bobbitt explains that if inmates make oral request for treatment from the nurse who is dispensing medicine, the process of administering medicine would be difficult because the nurse would have to stop and document the information provided by each requesting inmate. The jail's policy is intended to ensure that medical requests are adequately scheduled and documented.

Nurse Bobbitt testifies that Plaintiff did show her his finger, which she says had a small cut. Bobbitt did not believe that the finger was broken, and she gave Plaintiff Band-Aids. She returned to the medical unit after dispensing medication, but she did not receive a call from deputies regarding Plaintiff that day. Bobbitt adds that if she had believed Plaintiff had a broken finger, even though Plaintiff showed her his finger while she was busy dispensing medication, she would have ensured that the complaint was addressed by instructing a deputy to send Plaintiff to the medical unit.

The next day, Monday, Plaintiff showed his finger to Nurse Davis, who believed the finger might be broken, and she told deputies to send Plaintiff to medical. Plaintiff was examined, his condition was documented, and he was taken to a local hospital for treatment. Afterward, Nurse Bobbitt made a "late entry" in the medical records regarding her October 7 interaction with Plaintiff. She recounted seeing the small laceration and giving Band-Aids. She wrote that she saw no bruising or swelling, and Plaintiff was able to flex his finger. She wrote that Plaintiff did ask for a splint, and Bobbitt says that she told Plaintiff the finger would have to be X-rayed to justify a splint. She wrote that Plaintiff "stated it didn't need to be X-rayed it wasn't broken or he wouldn't be able to move it."

For a convicted prisoner or pretrial detainee to prevail on a claim that his medical care (or lack of care) violated the Constitution, he must prove that prison or jail officials were "deliberately indifferent" to his "serious medical needs." Estelle v. Gamble, 97 S.Ct. 285, 291 (1976); Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (en banc). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Estelle, 97 S.Ct. at 291-92. Disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a constitutional claim for indifference to medical needs. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

In December 2008, Plaintiff filed a notice of change of address from Forcht Wade to Winn Correctional Center (Doc. 25). Defendants filed their motion for summary judgment

one week later. There was some confusion for a while regarding Plaintiff' receipt of the motion and the instructions regarding the deadline to oppose the motion. Those issues have now been resolved, and Plaintiff was afforded a generous opportunity to oppose the motion. See Doc.31. Plaintiff has filed an unsworn memorandum (Doc. 32) that repeats his allegations, but unsworn memoranda are not competent summary judgment evidence. Larry v. White, 929 F.2d 206, 211 n. 12 (5th Cir. 1991).

The facts set forth in the affidavits and evidence offered by movants depict Nurse Bobbitt as looking at Plaintiff's hand, despite jail policy that she not administer medical care during pill call. Bobbitt decided from her examination that the hand was not broken. The pinky finger actually was broken, and when that was discovered soon afterward, Plaintiff received a quick trip to the hospital for care by a physician.

Deliberate indifference is an extremely high standard to meet, and the Fifth Circuit has made clear that a mere "incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference." Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001), citing Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir.1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Id.

"[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." Estelle, 97

S.Ct. at 293. "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." Id. There is no evidence to show that Nurse Bobbitt's decision not to order an X-Ray or other diagnostic measures was other than a reasoned medical decision that hindsight tells us was not the best decision. That is woefully insufficient to create a genuine issue of material fact and require a trial to resolve the deliberate indifference claim against Bobbitt. There is no allegation that Sheriff Prator had any personal involvement in Plaintiff's medical care or did or did not do anything that could subject him to liability for the Section 1983 medical claims asserted in the complaint.

Accordingly;

IT RECOMMENDED that the Motion for Summary Judgment (Doc. 26) filed by Sheriff Steve Prator and Nurse Kathy Bobbitt be granted and that Plaintiff's complaint be dismissed with prejudice.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 31st day of March, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE